IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA
ALEXANDRIA DIVISION

```
STEPHANIE DAUSTER,              )
                                )
        Plaintiff,              )
v.                              )   CIVIL ACTION NO. 04-1401
                                )
HOUSEHOLD CREDIT                )
SERVICES, INC., et al.,         )
                                )
        Defendant.              )
```

**ORDER**

THIS MATTER is before the Court on Defendant's Motion for Judgment on the Pleadings. This case concerns Plaintiff's allegations that Defendant violated the Fair Credit Reporting Act ("FCRA"). Experian Information Systems, Inc. ("Experian," "Defendant") is a consumer reporting agency, as defined by FCRA § 1681(f). The issue before the Court is whether Defendant violated the FCRA by reporting derogatory information that Plaintiff concedes is accurate. The Court grants Defendant's Motion for Judgment on the Pleadings because FCRA actions require a showing that the challenged credit report contains inaccurate information.

**I. BACKGROUND**

On October 18, 2001, Stephanie Dauster ("Plaintiff," "Ms. Dauster") purchased a sofa from Roomstore using a revolving credit agreement set up through Household Bank. *See* Complaint at 2. Ms. Dauster alleges that the sofa had several material defects. *Id.* After a Roomstore repair person said he could not

repair the sofa, Plaintiff attempted to return it. *Id.* at 3. Roomstore refused to accept the sofa and refused to credit Ms. Dauster's account for its return. *Id.* Roomstore and Household now report the account as delinquent and have caused derogatory information to be placed on Plaintiff's credit report. *Id.*

In or about February 2004, Plaintiff sent a letter to Experian disputing the accuracy of her account. *Id.* Experian's investigation confirmed that the account was delinquent and that it belonged to Plaintiff. *Id.* at 4.

## II. DISCUSSION

### A. Standard of Review

Judgment on the pleadings, as provided by Rule 12(c) of the Federal Rules of Civil Procedure, is appropriate if "it appears to a certainty that the nonmoving party cannot prove any set of facts in support of its claim that would entitle it to relief." *Shooting Point, L.L.C. v. W.M. Cumming*, 238 F.Supp.2d 729, 735 (E.D.Va. 2002). The standard of review under a Rule 12(c) motion and a Rule 12(b)(6) motion are identical. *Id*. The Court is required to accept the complaint's factual allegations as true and view the allegations in the light most favorable to the nonmoving party. *Id*.

### B. Analysis

The Court grants Defendant's Motion for Judgment on the Pleadings because Plaintiff failed to establish that Defendant

2

violated the FCRA by reporting inaccurate credit information. In order to state a cause of action under the FCRA, a plaintiff must demonstrate that (1) the consumer report contains inaccurate information and (2) the reporting agency did not follow reasonable procedures to assure maximum possible accuracy. 15 U.S.C. § 1681e(b); *Dalton v. Capital Associated Indus., Inc.*, 257 F.3d 409, 415 (4th Cir. 2001). In this case, Ms. Dauster does not dispute that Experian accurately reported the status of her account. Rather, Plaintiff argues that the sofa was defective. Because Ms. Dauster failed to plead an essential element of her FCRA claim, the Court grants Defendant's Motion for Judgment on the Pleadings.

The Court grants Defendant's motion because Plaintiff is attempting to collaterally attack the basis of accurately reported information. The FCRA does not provide a cause of action to collaterally attack an accurate credit report. *See Dalton,* 257 F3d at 415 (holding that the consumer report must include inaccurate information to support an FCRA claim). Courts have dismissed FCRA claims in several similar cases. See e.g., *Williams v. Colonial Bank*, 826 F.Supp. 415, 418 (M.D.Ala. 1993)(granting summary judgment for a credit reporting agency because the plaintiff conceded that the credit report was accurate); *Cahlin v. Gen. Motors Acceptance Corp.*, 936 F.2d 1151, 1154 (11th Cir. 1991)(same); *Wright v. TRW Credit Data,* 588 F.Supp. 112, 114 (S.D.Fla. 1984)(same).

In *Wright*, the plaintiff brought an FCRA action because his credit report showed that his car was repossessed. 588 F.Supp. at 113. The plaintiff claimed the repossession was "an illegal conversion and that the credit bureaus' failure to also report plaintiff's dispute with the bank over the propriety of the repossession render[ed] the report inaccurate." *Wright*, 588 F.Supp. at 114. Similarly, in *Williams*, the plaintiff admitted his home was foreclosed upon but argued it "should not have been included in his credit report because the bank acted improperly in foreclosing on his mortgage." *Williams*, 836 F.Supp. at 417. Here, Plaintiff concedes she entered the credit agreement with RoomStore and the account is delinquent because she stopped making payments. *See* Complaint at ¶ 12 and ¶ 24. Because Plaintiff concedes that the disputed credit report is accurate, her FCRA claim must fail.

**III. CONCLUSION**

The Court grants Defendant's Motion for Judgment on the Pleadings because Plaintiff has failed to plead an FCRA claim.

For the foregoing reasons, it is hereby

ORDERED that Defendant Experian's Motion for Judgment on the Pleadings is GRANTED.

The Clerk is directed to forward a copy of this Order to counsel of record.

ENTERED this 14th day of July, 2005.

/s/
_____
Gerald Bruce Lee
United States District Judge

Alexandria, Virginia
07/14/05